**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**MATTEL, INC.**,

                         Plaintiff,            **07 Civ. 2422 (JGK)**

      - against -                      **AMENDED MEMORANDUM**
                                                                          **OPINION AND ORDER**[1]

**WOLFGANG WIND D/B/A TRANSCONTINENTAL,**

                         Defendant.
_____

**JOHN G. KOELTL, District Judge:**

    The plaintiff has filed a motion to enforce a settlement agreement and adjudge the defendant in contempt. The defendant's time to respond has passed, and the defendant has not filed a response. The Court therefore decides the motion based on the papers submitted to the Court to date.

    In March 1999, the plaintiff brought a trademark infringement action to enforce its rights in its BARBIE trademark against the defendant's acts of cybersquatting. The defendant subsequently consented to the entry of a permanent injunction and final judgment restraining the defendant from using the plaintiff's trademark in any domain name. Upon learning that the defendant had again begun infringing the plaintiff's trademark, the plaintiff filed a second action and,

---

[1] This Amended Memorandum Opinion and Order replaces the original Memorandum Opinion and Order, dated November 21, 2008, because the Court has deleted the award of contempt sanctions beginning on May 1, 2008 and made such contempt sanctions due only on a prospective basis beginning on January 1, 2009. See Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996).

on January 4, 2008, obtained with the defendant's consent another final judgment and permanent injunction prohibiting the defendant from cybersquatting, diluting, and infringing the plaintiff's BARBIE trademark.

The final judgment requires the defendant to pay the plaintiff $20,000 in payments of $800 per month from January 1, 2008 to December 1, 2009.  The final judgment provides that if the defendant fails to make a scheduled payment, or does not furnish payment within five days of written notice to the defendant, then the plaintiff is entitled to acceleration of all amounts due under the agreement and, if it prevails, to reasonable attorney's fees incurred in enforcing the judgment.

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it."  Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974) (collecting cases); see also Transtech Elecs. Pte Ltd. v. NAS Elecs., Inc., No. 98 Civ. 1209 (JGK), 2000 WL 381428, at *2 (S.D.N.Y. Apr. 13, 2000).

According to the plaintiff, the defendant failed to make the required $800 payment on May 1, 2008.  The plaintiff has also submitted exhibits indicating that the plaintiff sent a

letter to the defendant on May 20, 2008[2], demanding payment within five business days, and another letter, dated June 2, 2008, demanding payment of the remaining $16,000 due under the final judgment.  The plaintiff represents that the defendant has not responded to this correspondence, and the defendant has failed to file any response.  The Court therefore orders the defendant to pay the remaining $16,000 due to the plaintiff, plus interest and plaintiff's reasonable attorney's fees incurred in bringing this motion.  See Spectacular Venture, L.P. v. World Star Int'l, Inc., 927 F. Supp. 683, 686 (S.D.N.Y. 1996) (ordering defendant to pay plaintiff sum owed under consent judgment, interest, and reasonable attorney's fees for bringing and prosecuting motion to enforce the judgment).

    The Court may adjudge the defendant in civil contempt and impose coercive sanctions upon the defendant if: (1) the final judgment was clear and unambiguous, (2) the proof of the defendant's non-compliance is clear and convincing, and (3) the defendant has not shown reasonable diligence in attempting to comply with the final judgment.  See Eros Entm't, Inc. v. Melody Spot, LLC, No. 99 Civ. 1157, 2005 WL 4655385, at *4 (S.D.N.Y. Oct. 11, 2005).  The plaintiff has established that all three of these conditions have been met.  The Court therefore holds the

---

[2] The letter was erroneously dated May 20, 2007.  (See Decl. of William Dunnegan, dated Sept. 30, 2008, Ex. B.)

defendant in civil contempt and orders the defendant to pay the plaintiff an additional $800 per month for the period beginning January 1, 2009 until the date that the final judgment is satisfied.

For the foregoing reasons, the Court grants the plaintiff's motion to enforce the settlement agreement and adjudge the defendant in contempt.

SO ORDERED.

Dated: New York, New York
       December 5, 2008

/s/ John G. Koeltl
John G. Koeltl
United States District Judge